ORIGINAL

E-filing

FILED

JAN - 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

BY FAX

Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Mary Villa

ADR

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Mary Villa,

        Plaintiff,

    vs.

Milestone Law Group; and DOES 1-10,
inclusive,

        Defendants.

Case No.: C13-0100 JCS

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT
COLLECTION PRACTICES ACT,
15 U.S.C. § 1692 ET. SEQ;
2. VIOLATION OF FAIR DEBT
COLLECTION PRATICES ACT,
CAL.CIV.CODE § 1788 ET. SEQ.**

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

1     For this Complaint, the Plaintiff, Mary Villa, by undersigned counsel, states as

2 follows:

3

4                          **JURISDICTION**

5     1.    This action arises out of Defendants' repeated violations of the Fair Debt

6 Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of

7

8 Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

9 collect a consumer debt.

10     2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

11

12     3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

13 Defendants transact business here and a substantial portion of the acts giving rise to

14 this action occurred here.

15

16                           **PARTIES**

17     4.    The Plaintiff, Mary Villa (hereafter "Plaintiff"), is an adult individual

18 residing in San Francisco, California, and is a "consumer" as the term is defined by 15

19 U.S.C. § 1692a(3).

20

21     5.    Defendant Milestone Law Group ("Milestone"), is a California business

22 entity with an address of 9340 Santa Anita Avenue, Suite 104, Rancho Cucamonga,

23

24 California 91730, operating as a collection agency, and is a "debt collector" as the

25 term is defined by 15 U.S.C. § 1692a(6).

26

27

28

          COMPLAINT FOR DAMAGES

1    6.    Does 1-10 (the "Collectors") are individual collectors employed by

2
3    Milestone and whose identities are currently unknown to the Plaintiff.  One or more of

4    the Collectors may be joined as parties once their identities are disclosed through

5    discovery.

6
7          7.    Milestone at all times acted by and through one or more of the Collectors.

8                    **ALLEGATIONS APPLICABLE TO ALL COUNTS**

9    **A.    The Debt**

10         8.    The Plaintiff allegedly incurred a financial obligation in the approximate
11
12   amount of $176.00 (the "Debt") to Wells Fargo (the "Creditor").

13         9.    The Debt arose from services provided by the Creditor which were

14   primarily for family, personal or household purposes and which meets the definition
15
16   of a "debt" under 15 U.S.C. § 1692a(5).

17         10.   The Debt was purchased, assigned or transferred to Milestone for

18   collection, or Milestone was employed by the Creditor to collect the Debt.
19
20         11.   The Defendants attempted to collect the Debt and, as such, engaged in

21   "communications" as defined in 15 U.S.C. § 1692a(2).

22   **B.    Milestone Engages in Harassment and Abusive Tactics**
23
24         12.   Within the last year, Milestone contacted Plaintiff in an attempt to collect

25   the Debt.

26
27
28
                              3              COMPLAINT FOR DAMAGES

13.     During the initial conversation, Milestone demanded an immediate payment in excess of $700. Plaintiff disputed the amount demanded by Milestone and asked Milestone to explain why the amount demanded was much greater than the principal amount owing.

14.     Milestone advised Plaintiff that the Debt was accruing $54.00 per day in interest.

15.     During one conversation, Milestone advised Plaintiff that if she did not make a payment Milestone would treat this as an attempt to "defraud the Creditor."

16.     Plaintiff informed Milestone that the Debt would not be repaid at that time and instructed Milestone to cease all communications with her.

17.     Milestone often times called Plaintiff at approximately 8 a.m.

18.     Plaintiff advised Milestone that early morning calls around 8 am where inconvenient as she has a disabled daughter and the early morning calls were disrupting the disabled daughter from sleep.

19.     Despite having been so informed, Milestone continued calling Plaintiff around 8 a.m., causing frustration and distress to Plaintiff and her daughter.

20.     In or around July of 2012, Milestone threatened to take a legal action against Plaintiff if the Debt was not paid immediately. To date, no payment toward the Debt was made and no legal action has been filed as threatened.

COMPLAINT FOR DAMAGES

21. Despite Plaintiff's requests to cease communications, Milestone continued placing calls to Plaintiff on a daily basis, sometimes up to five (5) calls per day, sometimes calling each hour.

22. Plaintiff sometimes would pick up the phone and then terminate the call without speaking to Milestone. Milestone thereafter immediately called Plaintiff back despite knowing she did not want to be contacted.

23. In October of 2012, Plaintiff received a call from a person who claimed to be a "process server." The "process server" told Plaintiff it was attempting to serve Plaintiff with a "sealed document," and provided Plaintiff with a call back number. When Plaintiff called the number provided by the "process server," the number led to Milestone.

24. Plaintiff is informed and believes that no legal action against Plaintiff had been filed, and that Milestone pretended to be a process server.

## C.   **Plaintiff Suffered Actual Damages**

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

1   27.   The Defendants' conduct was so outrageous in character, and so extreme

2
3   in degree, as to go beyond all possible bounds of decency, and to be regarded as

4   atrocious, and utterly intolerable in a civilized community.

5                          **COUNT I**
6   **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
                    **15 U.S.C. § 1692, et seq.**
7
8   28.   The Plaintiff incorporates by reference all of the above paragraphs of this

9   Complaint as though fully stated herein.

10  29.   The Defendants contacted the Plaintiff at a place and during a time
11
12  known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

13  30.   The Defendants engaged in behavior the natural consequence of which

14  was to harass, oppress, or abuse the Plaintiff in connection with the collection of a
15
16  debt, in violation of 15 U.S.C. § 1692d.

17  31.   The Defendants caused a phone to ring repeatedly and engaged the

18  Plaintiff in telephone conversations, with the intent to annoy and harass, in violation
19
20  of 15 U.S.C. § 1692d(5).

21  32.   The Defendants used false, deceptive, or misleading representation or

22  means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.
23
24  33.   The Defendants misrepresented the character, amount and legal status of

25  the debt, in violation of 15 U.S.C. § 1692e(2).

26
27
28

6                    COMPLAINT FOR DAMAGES

34. The Defendants threatened to take action without legal ability to do so or without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

35. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

36. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

41. Milestone Law Group, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

42.   The Defendants caused a telephone to ring repeatedly and engaged the

Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation

of Cal. Civ. Code § 1788.11(d).

43.   The Defendants communicated with the Plaintiff with such frequency as

to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

44.   The Defendants failed to comply with the provisions of 15 U.S.C. §

1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

45.   The Defendants falsely represented that a legal proceeding had been or

was about to be instituted unless the debt was paid immediately, in violation of Cal.

Civ. Code § 1788.13(j).

46.   The Defendants did not comply with the provisions of Title 15, Section

1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

47.   The Plaintiff is entitled to damages as a result of the Defendants'

violations.

**COUNT III**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

48.   The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

49.   The Restatement of Torts, Second, § 652B defines intrusion upon

seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of

another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

50.     California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

51.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with above referenced telephone calls.

52.     The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

53.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

54.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

55.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

      A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

      B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

      C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

      D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

      E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

      F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

      G. Punitive damages; and

      H. Such other and further relief as may be just and proper.

1    **TRIAL BY JURY DEMANDED ON ALL COUNTS**

2

3

4    DATED: January 2, 2013                TAMMY HUSSIN

5

6

7                                          By:___/s/  *Tammy Hussin*_____
                                           Tammy Hussin, Esq.
8                                          Lemberg & Associates, LLC
                                           Attorney for Plaintiff Mary Villa
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              11           COMPLAINT FOR DAMAGES